HELEN A. BARTLETT & others *vs.* FRANCIS M. BARTLETT & others

A debtor conveyed an estate to his father, without consideration, and to prevent its being attached by his creditors, and immediately afterwards, at the verbal request of some of his father's other children, and with the knowledge, but without any consent, of his father, agreed that the estate should be held in trust for one of the brothers, who was a creditor of the grantor. *Held*, that no trust was thereby created which could be enforced against the father, or against his heirs after his death.

BILL IN EQUITY by the widow, children and administrator of James Bartlett, Jr., son of James Bartlett, to enforce a trust against the other heirs of James Bartlett. A hearing was had upon the bill, answer and proofs before *Merrick*, J., who reported the following case for the decision of the whole court :

On the 17th of January 1835, William Bartlett, being insolvent, conveyed to his father, James Bartlett, an undivided part of an estate in Boston, without consideration, to prevent its being attached by his creditors; and immediately afterwards consented, at the request of several members of the family, not including his father, that the latter should hold this part of the estate in trust for James Bartlett, Jr., a brother of William, to secure him from any loss in consequence of having purchased, two years before, claims of $2000 or $3000 against William Bartlett. William Bartlett always afterwards, verbally and in letters signed by him, admitted that this part of the estate was and should be held by his father in trust, to secure his brother James in this respect; and this consent and admission were known to the defendants and to the father ; but there was no evidence of any consent, on the father's part, to such a trust, otherwise than the acceptance of the deed of conveyance. James Bartlett, the father, died in 1847, seised of the estate in question ; and James Bartlett, Jr., died in 1855.

In 1853 James Bartlett, Jr., with the knowledge of all the defendants, removed from the estate a dilapidated building, and erected a new one, at an expense to himself of about $2600,

which was a real and valuable improvement of the estate. Before commencing this, he communicated the plan of the proposed alteration to the defendants, and agreed, if they would consent thereto, to make the alteration at his own expense, and to receive all the rents and income thereof until he should be fully reimbursed. Three of the defendants thereupon agreed that the improvement should be made upon these terms, but there was no evidence that the other defendants made such an agreement.

*C. M. Ellis*, for the plaintiffs, cited 2 Cruise Dig. (Greenl. ed.) tit. 11, *c.* 4, § 16 ; tit. 12, *c.* 1, § 52 & note ; *Peabody* v. *Tarbell*, 2 Cush. 226 ; *Harrison* v. *Phillips Academy*, 12 Mass. 455 ; *Holland* v. *Cruft*, 20 Pick. 321 ; *Clapp* v. *Tirrell*, 20 Pick. 247.

*C. W. Loring*, for the defendants.

SHAW, C. J.    Upon the case appearing in the report the court are of opinion that the conveyance by William Bartlett to James Bartlett, Sen., his father, though made to delay creditors, was an absolute conveyance as between the parties, and it never having been contested by creditors, the estate remained vested in fee in the father at his death, and passed by descent to his heirs ; that from his never having made any declaration of trust in writing, and not having taken it originally on a resulting trust, no trust was affixed to the estate in his hands ; that the agreement between some of the heirs, but not all of them, that the father should hold the estate in trust for James, Jr., who had become by purchase a creditor of William, not being in writing, would not affect their own rights to take their shares as heirs of James Bartlett, Sen., even if in other respects it would affect the estate with a trust.                          *Decree for the defendants.*